MEMORANDUM**
Dianne M. Mann, the bankruptcy trustee for Courtney Ann Wiggs, the widow of Lucas Wiggs (‘Wiggs”), appeals the grant of summary judgment in favor of New York Life Insurance and Annuity Company (“New York Life”). We review the district court’s grant of summary judgment de novo. See United States v. City of Tacoma, 332 F.3d 574, 578 (9th Cir. 2003). We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.
I
The district court properly concluded that New York Life properly rescinded the conditional temporary coverage agreement (“the conditional agreement”) under Ariz.Rev.Stat. § 20-1109 because Wiggs failed to disclose his recent history of drug abuse in his application for coverage. The conditional agreement was dependent on the prospective insured’s truthful answers in the application process. Wiggs concealed the truth from New York Life by falsely answering the questions in part II of the application. Further, despite being given repeated opportunities to clarify his pertinent false answers, Wiggs affirmatively lied about facts within his personal knowledge that were material to his application. If, at any point during the application process, Wiggs had been honest about his cocaine use and his treatment, he would have been designated “Risk Not Acceptable” under New York Life’s express underwriting policies and would not have been eligible for any coverage from *879 New York Life, not even coverage with an increased premium.
Under Ariz.Rev.Stat. § 20-1109:
All statements and descriptions in any application for an insurance policy or in negotiations therefor, by or in behalf of the insured, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent recovery under a policy unless:
1. Fraudulent.
2. Material either to the acceptance of the risk, or to the hazard assumed by the insurer.
3. The insurer in good faith would either not have issued the policy, or would not have issued a policy in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or otherwise.
Ariz.Rev.Stat. § 20-1109.
Arizona courts have held that Ariz.Rev. Stat. § 20-1109 applies to temporary coverage agreements or “binders” such as the conditional agreement, as well as to full long-term policies. Prudential v. Estate of Rojo-Pacheco, 192 Ariz. 139, 962 P.2d 213 (1997).
In order for an insurer to justify rescission of a policy based on a misrepresentation, the insured must demonstrate all three elements set forth in the statute. See Greves v. Ohio State Life Ins. Co., 170 Ariz. 66, 821 P.2d 757, 762 (1991). The district court correctly concluded that all three elements were present in this case.
First, the misrepresentations were fraudulent. Actual fraud requires intent to deceive while legal fraud does not. Equitable Life Assurance Soc’y of the United States v. Anderson, 151 Ariz. 355, 727 P.2d 1066,1068 (1986). Here, Wiggs was asked direct questions about his own past drug use and whether he had received counseling and treatment. The facts required to answer those questions were within Wiggs’ personal knowledge. Wiggs had used cocaine within five months of applying for the coverage, and had, in fact, been hospitalized pursuant to his drug use. The record plainly indicates the falsity of Wiggs’ statements, and the district court correctly held that the element under § 20-1109 of fraudulent was satisfied.
Second, the misrepresentations were material. “The test of materiality is whether the facts, if truly stated, might have influenced a reasonable insurer in deciding whether to accept or reject the risk.” Cent. Nat’l Life Ins. Co. v. Peterson, 23 Ariz.App. 4, 529 P.2d 1213, 1216 (1975). In this case, materiality is easily established. New York Life’s underwriting guidelines specifically preclude the issuing of any insurance policy to anyone who has engaged in either occasional or regular use of cocaine or other narcotics in the two years prior to his application. The importance of a prospective insured’s cocaine dependency to an insurer’s risk assessment is patently apparent. Consequently, there can be no doubt that New York Life met its burden of establishing materiality.
Third, it is undisputed that New York Life would not have issued the policy if Wiggs had told the truth. Arizona courts have stated that in applying § 20-1109, “the language ‘would not have issued the policy’ means that the insurer would not have issued any policy.” The statute does not permit rescission if the insurer merely would have charged a higher premium for the coverage for which the insured applied. Greves, 821 P.2d at 765. New York Life’s underwriting guidelines unambiguously state that individuals who have used cocaine either occasionally or regularly dur *880 ing the two years preceding an application are deemed “RNA,” an acronym for “Risk Not Acceptable.” New York Life’s own guidelines unequivocally preclude issuing policies to “RNAs.” Thus, the record is clear that, had Wiggs truthfully reported the facts of his cocaine use, New York Life would not have issued him any policy, not even one with a higher premium. The June 15,1999 memorandum of Rose Magli-ano only reinforces this conclusion.
Because Wiggs’ fraudulent misrepresentations and New York Life’s pertinent underwriting policies combine indisputably to establish all three required elements for rescission under Ariz.Rev.Stat. § 20-1109, New York Life was justified as a matter of law in rescinding the policy. The entry of summary judgment was proper.
II
The district court also correctly concluded that the “reasonable expectations doctrine” does not apply to the facts of this so as to remove this claim from the application of Ariz.Rev.Stat. § 20-1109. In interpreting insurance contracts, “Arizona follows the principle of the ‘reasonable expectations’ of the insured.” Anderson v. Country Life Ins. Co., 180 Ariz. 625, 886 P.2d 1381, 1388 (1995). “Under the reasonable expectations doctrine, boilerplate policy terms are void if they ‘cannot be understood by the reasonably intelligent consumer’ or if the insurer’s actions ‘create an objective impression of coverage in the mind of a reasonable insured.’ ” Id. (quoting Gordinier v. Aetna Cas. & Sur. Co., 154 Ariz. 266, 742 P.2d 277, 283-84 (1987)).
In the instant case, the prospective insurer questioned Wiggs twice about his prior drug history in the context of ascertaining whether he was insurable, once in a followup conversation to clarify his prior answer. On both occasions, he failed to disclose material facts. The fact that he had been hospitalized for an overdose of an illegal drug shortly before applying for insurance is not something that a reasonable applicant could conclude need not be disclosed.
The conditions were “clear, unambiguous, and objectively reasonable” and the conditions were not “lengthy, confusing, complex, or buried in the policy.” American Family Mut. Ins. Co. v. White, 204 Ariz. 500, 65 P.3d 449, 455 (2003). Thus, the reasonable expectations doctrine does not apply.
We agree with the district court that the requirement to complete a paramedical exam and answer all questions in Part II of the application in a truthful manner prior to temporary coverage being effective was clearly and plainly stated. As the district court correctly stated: “Despite the prerequisites to coverage, [Wiggs] chose to boldly he and conceal material information from Defendant that would have invalidated coverage on more than one occasion. Consequently, Ariz.Rev. Stat. § 20-1109 is applicable and Defendant was correct in rescinding its coverage.”
It is not objectively reasonable for someone who affirmatively, repeatedly, and fraudulently misrepresents facts material to an insurance agreement to expect the benefits of the very contract with which that person plainly did not comply. Nor would these circumstances be sufficient to “create an objective impression of coverage in the mind of a reasonable insured.” Anderson, 886 P.2d at 1388. Thus, the reasonable expectations doctrine does not afford an exception to Ariz.Rev.Stat. § 20-1109 in this context.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.